UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

JUDITH THOMAS
8752 LINCOLN STREET
SAVAGE, MARYLAND 20763

      Plaintiff,

      v.

MANN BRACKEN, LLP
702 KING FARM BLVD., STE. #500
ROCKVILLE, MARYLAND 20850
     Serve On:    The Corporation Trust Inc.
                  351 West Camden Street
                  Baltimore, MD 21201

MIDLAND FUNDING, LLC
8875 AERO DRIVE
SAN DIEGO, CA 92123
     Serve On:    CSC-Lawyers Incorporating
                  Service Company
                  7 Saint Paul Street, Ste. 1660
                  Baltimore, MD 21202

      Defendants.

JURY TRIAL DEMANDED

Case No. _____

_____

## COMPLAINT

Plaintiff Judith Thomas, by and through her attorney Cory L. Zajdel of Z LAW, LLC, alleges and states as follows:

## I.    INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692 *et. seq.*, (hereinafter "FDCPA") and the Maryland Consumer Debt Collection Act, Md. Code Ann., § 14-201 *et seq.* (hereinafter "MCDCA") to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to

Defendants' violations all of which occurred within one year from the filing date of this Complaint.

2.   The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress drafted the FDCPA with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.   The state of Maryland passed the MCDCA, a similar but more comprehensive statute to protect individuals from abusive, unfair and harassing debt collection practices.

## II.   PARTIES

4.   Plaintiff Judith Thomas is a natural person currently residing at 8752 Lincoln Street, Savage, Maryland 20763 (Howard County), is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and took part in a "consumer transaction" as that term is defined by MCDCA, § 14-201(c).

5.   Defendant Mann Bracken, LLP, is a Delaware Limited Liability Partnership with a business address of 702 King Farm Boulevard, Suite 500, Rockville, Maryland 20850.

6.   At all times relevant to this Complaint, Mann Bracken transacted business in the District of Maryland and at other locations throughout Maryland, operating as a law firm, collection agency, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as a "collector" and "person" as those terms are defined by MCDCA, § 14-201(b) and (d).

7.   Defendant Midland Funding, LLC is a Delaware Limited Liability Company with a

2

business address of 8875 Aero Drive, San Diego, California 92123

8.      At all times relevant to this Complaint, Midland Funding transacted business in the District of Maryland and at other locations throughout Maryland, operating as a debt buyer, collection agency, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is a "collector" and "person" as those terms are defined by MCDCA, § 14-201(b) and (d).

9.      During the month of January 2009, the same month Defendants brought suit against Thomas, Midland Funding filed 388 collection actions in District Courts of Maryland and Mann Bracken represented Midland Funding in many of these collection actions.

## III.    JURISDICTION AND VENUE

10.     Jurisdiction of this Court arises for Count One is invoked pursuant to 15 U.S.C. § 1692k(d).

11.     This Court also has supplemental jurisdiction over the state law claim because it arises from a common nucleus of operative facts.

12.     This action arises out of Defendants' violations of the FDCPA, 15 U.S.C. § 1692 *et seq.* and MCDCA, § 14-201 *et seq.*

13.     Because Defendants regularly do business within the State of Maryland and files lawsuits in the Maryland state courts, personal jurisdiction is established.

14.     Venue is proper in this District because Defendants filed a lawsuit in the Circuit Court for Montgomery County, Maryland attempting to collect a debt against Thomas on January 16, 2009 within the Northern Division that is the basis for this action.

## IV.   FACTUAL ALLEGATIONS

15.    Plaintiff entered into an open ended or revolving credit card account agreement with Nordstrom FSB around April 21, 2004 and incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5).

16.    Nordstrom FSB identified the last four digits of the account as #8479.

17.    Plaintiff made her most recent payment on the Nordstrom FSB credit card account on January 12, 2006.

18.    Plaintiff became delinquent on said credit card account and was unable to make monthly payments due to circumstances beyond her control.

19.    Plaintiffs' account was assigned, sold or otherwise transferred to Defendant Midland Funding for collection.

20.    Throughout the year 2008, Defendant Midland Funding sent numerous letters to Plaintiff via U.S. Mail in an effort to collect the alleged debt.

21.    In the letters, Defendant Midland Funding informed Plaintiff that they were the owner of the debt originally held by Nordstrom FSB account #8479 and demanding payment.

22.    After Midland Funding was unable to collect any funds from Plaintiff, Midland Funding hired Mann Bracken to file a collection action in the state courts of Maryland seeking a judgment against Plaintiff for the alleged amount owed on the account.

23.    At all times relevant to this complaint, Mann Bracken acted as the agent of Midland Funding in its efforts to collect the alleged debt and therefore Midland Funding is liable for the acts of Mann Bracken.

24.     On January 16, 2009, Defendants Midland Funding and Mann Bracken filed a lawsuit in District Court of Maryland for Howard Count and docketed as Case Number 100100002432009 (hereafter "Howard County Lawsuit") against Plaintiff in an attempt to have a judgment entered against Plaintiff for the alleged debt on the Nordstrom FSB Account.

25.     Defendants alleged in the complaint that no payment was made on the Nordstrom FSB account since January 12, 2006 and demanded interest running from that date.

26.     The lawsuit was filed in bad faith, was unconscionable and was an unfair practice since the debt was beyond the statute of limitations.

27.     Defendants Midland Funding and Mann Bracken made false, deceptive, and misleading representations in the Howard County Lawsuit in that Defendants misrepresented to the Court and Plaintiff that: (a) Defendants were entitled to collect on the debt; (b) the debt was not time barred; and (c) the legal status of the debt.

28.     Plaintiff appeared for trial on April 6, 2009 and notified the judge in open court that the alleged debt was time barred.

29.     On the same day, Plaintiff filed a Notice of Intention to Defend – which in Maryland District Court is her answer and defenses to the lawsuit – stating that the debt was not collectable under the statute of limitations.

30.     Mann Bracken was notified of Plaintiff's statute of limitations defense and pressed forward with the case in an attempt to collect the alleged debt.

31.     On April 27, 2009, Mann Bracken filed an Interest Worksheet for Judgment in a further attempt to have judgment entered against Plaintiff and to collect the alleged debt.

32.     Plaintiff and Defendants appeared for trial on May 18, 2009 in the District Court of Maryland for Howard County.

33.     The Judge presiding over the case dismissed the lawsuit with prejudice on May 18, 2009 on statute of limitations grounds.

34.     While attempting to collect the alleged debt from Plaintiff, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

35.     As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Plaintiffs have sustained actual damages in the form of expenses in attempting to correct Defendants' misguided and illegal collection activities, extreme stress, fear, confusion, anger, humiliation, and embarrassment.

## V.     CAUSES OF ACTION

### COUNT I
### (FAIR DEBT COLLECTION PRACTICES ACT)

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

38.     As a result of each of Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 for each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs.

## COUNT TWO
## (MARYLAND CONSUMER DEBT COLLECTION ACT)

39.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     Maryland's Consumer Debt Collection Act, Md. Code Ann., Comm. Law §§ 14-201 *et seq.* ("MCDCA"), states that a "collector" while collecting or attempting to collect a debt may not:

- disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false, § 14-202(3);

- disclose or threaten to disclose to a person other than the debtor or his spouse or, if the debtor is a minor, his parent, information which affects the debtor's reputation, whether or not for credit worthiness, with knowledge that the other person does not have a legitimate business need for the information, § 14-202(5); and

- claim, attempt, or threaten to enforce a right with knowledge that the right does not exist, § 14-202(8).

41.     As a "collector" and "person" under the MCDCA, § 14-201(b) and (d), Defendants and its agents and employees are prohibited from performing or failing to perform any action described above and from abusing or harassing Plaintiffs while collecting or attempting to collect an alleged debt.

42.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the MCDCA, including but not limited to each of the above-cited provisions of the MCDCA, § 14-202.

43.     As a result of Defendants' harassing and abusive debt collection practices in

violation of the MCDCA, Defendants have caused Plaintiffs severe emotional distress and mental anguish, including but not limited to severe stress, many sleepless nights, a feeling of hopelessness and headaches.

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA and MCDCA;

- for an award of actual and compensatory damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant including an award for emotional distress and mental anguish in the amount of $75,000.00;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

- for an award of actual and compensatory damages, including an award for emotional distress and mental anguish pursuant to MCDCA, § 14-203 in the amount of $75,000.00;

- for an award of reasonable attorney's fees and costs of litigation pursuant to Maryland's Consumer Protection Act, Md. Code Ann., Comm. Law § 13-408 (*see* 13-301(14)(iii));

- Award pre and post judgment interest; and

- Award such other relief this Court deems just and equitable.

Respectfully submitted,

**Z LAW, LLC**

Dated: December 23, 2009

_____

Cory L. Zajdel, Esq. (Fed. Bar. No. 28191)
8830 Orchard Tree Lane, Ste. 117
Towson, MD 21286
T. (443) 632-3010
E. clz@zlawmaryland.com

Attorneys for Plaintiff

**JURY TRIAL**

Judith Thomas demands trial by jury.

_____

Cory L. Zajdel